

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00475-CR

RODNEY ONEAL WILLIAMS A/K/A       APPELLANT
RODNEY O. WILLIAMS

V.

THE STATE OF TEXAS           STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Appellant Rodney ONeal Williams a/k/a Rodney O. Williams pleaded guilty to possession of four grams or more but less than four hundred grams of benzylpiperazine.[2] The trial court's original

----

[1]*See* Tex. R. App. P. 47.4.

[2]Williams and the State entered into the following plea agreement: "Open Plea of Guilty to Court + PLBR [Plea in Bar] 1181245 MJ 5LBS-50LBS on Sentencing PSI." The record also contains the plea in bar in which the State consented to a bar on further prosecution of Williams's pending possession of

certification of Williams's right to appeal states that this "is not a plea-bargained case, and the defendant has the right of appeal."

On July 15, 2011, we notified the trial court that its certification was defective and ordered an amended certification of Williams's right to appeal to state that this case is a plea-bargained case and to indicate whether any matters were raised by written motion filed and ruled on before trial or whether the trial court has given Williams permission to appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), (f), 37.1; *Dears v. State*, 154 S.W.3d 610, 613–15 (Tex. Crim. App. 2005). On July 25, 2011, we received the trial court's amended certification of Williams's right to appeal. The certification states that this "is a plea-bargain case, and the defendant has NO right of appeal."

On July 27, 2011, we sent the parties a letter notifying them that the appeal may be dismissed unless, by August 8, 2011, any party filed a response showing grounds for continuing the appeal based upon the new certification. *See* Tex. R. App. P. 25.2(d), 43.2(f). We did not receive any responses.

Rule 25.2(a)(2) provides that a plea-bargaining defendant may appeal only matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2); *Chavez*

marijuana charge in accordance with section 12.45 of the penal code. *See* Tex. Penal Code Ann. § 12.45 (West 2011) (permitting trial court to take into account unadjudicated offense when assessing punishment if State consents and defendant admits offense, in which case State is barred from prosecuting defendant for the unadjudicated offense). The trial court granted the plea in bar and sentenced Williams to fifteen years' imprisonment.

*v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (requiring appellate courts to dismiss prohibited appeal without further action, regardless of basis for appeal). Williams's basis for appeal does not concern matters raised by any written motion filed and ruled on before trial, and the trial court's amended certification of appeal does not otherwise give Williams the right to appeal. Consequently, because Williams has no right to appeal, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez*, 183 S.W.3d at 680.

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 18, 2011